FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOE C.,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | NO:  1:19-CV-3239-RMP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

BEFORE THE COURT is United States Magistrate Judge Mary K. Dimke's Report and Recommendation ("R & R"), ECF No. 17 (Oct. 27, 2020), to deny Plaintiff Noe C.'s motion for summary judgment, ECF No. 10, and grant Defendant Commissioner of Social Security's (the "Commissioner's") cross-motion for summary judgment, ECF No. 14. On October 30, 2020, Plaintiff timely objected to the R & R. ECF No. 18. The Commissioner responded to the objection on November 13, 2020. ECF No. 19.  The Court has reviewed the R & R, the Plaintiff's objections and the parties' other submissions, the relevant law, and is fully informed.

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ~ 1

Upon objection to a magistrate's report and recommendation, district courts review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court applies the overarching legal standard that the Social Security Commissioner's final determination that a claimant is not disabled must be upheld if: (1) the "proper legal standards" have been applied; and (2) "substantial evidence in the record as a whole" supports that determination." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

In objecting to Judge Dimke's recommended disposition of Plaintiff's appeal, Plaintiff argues that the Court should reverse the Administrative Law Judge's ("ALJ") decision because there was harmful error in determining whether Plaintiff had worked at the substantial gainful level during the relevant period. ECF No. 18. Plaintiff further argues that the ALJ erred in evaluating medical opinion evidence, assessing Plaintiff's testimony, and in making the step five findings. *Id.* The Commissioner responds that the R & R is correct and that there were no harmful errors. ECF No. 19.

Having reviewed de novo the portions of the report and specified proposed findings to which Plaintiff objected, the Court finds that Magistrate Judge Dimke's R & R appropriately addressed Plaintiff's arguments regarding the medical opinion evidence, Plaintiff's subjective reports, and the step five findings, consistent with the relevant legal standards and the record in this case. ECF No. 17 at 12-36.

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ~ 2

1    The Court agrees with Magistrate Judge Dimke's findings as follows.
2    Magistrate Judge Dimke found that the medical opinions at issue were properly
3    discounted after confirming that the ALJ had given legally sufficient reasons for her
4    treatment of the various medical opinions. Magistrate Judge Dimke also found
5    substantial evidence supporting each of the ALJ's reasons for discounting Plaintiff's
6    subjective complaints of disability. Specifically, Magistrate Judge Dimke found that
7    the ALJ had provided clear and convincing reasons for discounting Plaintiff's
8    subjective complaints on the basis of inconsistent statements, Plaintiff's lack of
9    engagement in treatment, the lack of support from the objective findings, and
10   Plaintiff's activities of daily living. *See* ECF No. 17 at 24-33. Magistrate Judge
11   Dimke finally found that the ALJ's step five findings were supported by substantial
12   evidence, and because Plaintiff did not challenge the vocational expert's job
13   numbers during the administrative proceedings, any challenge was waived based on
14   the holding in *Shaibi v. Berryhill,* 883 F.3d 1102, 1109 (9th Cir. 2017). ECF No. 17
15   at 33-34. Therefore, the Court adopts the Report and Recommendation on these
16   issues.
17       Plaintiff largely reiterates arguments that he made in his summary judgment
18   motion, with the exception of arguing that Judge Dimke should not have found that
19   Plaintiff failed to meet his burden of demonstrating an Unsuccessful Work Attempt
20   (UWA), as the additional requirements included in Social Security Ruling (SSR) 84-
21

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE
JUDGE ~ 3

25 for work lasting 3-6 months were no longer controlling policy. ECF No. 18 at 2-4.

The Court agrees with Plaintiff that SSR 84-25 is no longer controlling authority. Social Security Ruling 84-25 was clarified by SSR 05-02 in 2005. *See* [https://www.ssa.gov/OP_Home/rulings/di/03/SSR2005-02-di-03.html](https://www.ssa.gov/OP_Home/rulings/di/03/SSR2005-02-di-03.html) (effective date 2/28/2005). The Rulings bear the same title, "Titles II and XVI: Determination of Substantial Gainful Activity if Substantial Work Activity is Discontinued or Reduced—Unsuccessful Work Attempt," and SSR 05-02 specifically states its purpose is "to clarify the policy stated in Social Security Ruling 84-25." *Id.* Ruling 05-02 was rescinded effective May 14, 2018, prior to the ALJ's decision in this claim. *Id.* In publishing notice of the rescinding of SSR 05-02, the Social Security Administration explained that the final rules regarding UWAs were amended in 2016, removing some of the requirements for evaluation of work attempts lasting between three and six months, making SSR 05-02 no longer correct, and thus obsolete. Federal Register, Vol. 83, No. 93, page 23208. Therefore, despite SSR 84-25 never having been officially rescinded, the Court finds the additional requirements for work attempts lasting 3-6 months are not current requirements for the finding of an UWA.

It was the absence of the additional requirements that led to Magistrate Judge Dimke's conclusion that Plaintiff had not met his burden in demonstrating his work was an UWA. Therefore, that portion of the Report and Recommendation is not

ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ~ 4

adopted. However, the Court concurs with Magistrate Judge Dimke's alternative finding that any error on the part of the ALJ at step one was harmless, as the ALJ proceeded with the analysis for the remainder of the adjudicative period, and the ALJ gave other supported reasons apart from Plaintiff's work activity for her treatment of the remainder of the evidence.

Therefore, on de novo review, this Court concludes that the ALJ's decision is supported by substantial evidence and does not warrant remand.

Accordingly, the Court **ADOPTS** the Report and Recommendation, **ECF No. 17**, in this matter **in part as noted above**. Consequently, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

3. The District Court Clerk is directed to enter judgment for Defendant.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file in this case**.

**DATED** December 9, 2020.

                                                      *s/ Rosanna Malouf Peterson*
                                              ROSANNA MALOUF PETERSON
                                                 United States District Judge